[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM ORDER RE: DEFENDANT'S OBJECTIONS TO PRODUCTION REQUESTS INCORPORATED INTO THE NOTICES OF DEPOSITION OF ITS EXPERT WITNESSES
On or about March 29, 2001, the plaintiffs served the defendant with notices of deposition for several persons, all non-parties, whom the defendant had previously disclosed as expert witnesses under Practice Book § 13-4(4).[1] Annexed to each notice was a request that the witness produce the following information and materials at his or her deposition:
 (1) a listing of all cases on which [the witness] served as a consultant during the past four years;
 (2) a listing of all cases in which [the witness] testified in deposition during the last four years, including the names of the parties, the court where the action is or was pending, docket number, the names of plaintiffs (sic) counsel and the name of the defendant's insurance company, if applicable.
 (3) a transcript of the testimony referred to in number [(2) above];
 (4) a listing of all cases in which [the witness] testified at trial during the last four years, including the names of the parties, the court where the action is or was pending, docket number, the CT Page 6984 names of plaintiffs (sic) counsel and defense counsel, and the name of the defendants (sic) insurance company, if applicable;
 (5) a transcript of the testimony referred to in number [(4) above];
 (6) a listing of all pending cases in which [the witness] has been retained as an expert or has given testimony; including the names of the case where trial testimony has been given, including for both deposition testimony and trial testimony, the names of the parties, the court where the action is or was pending, docket number, the names of the plaintiffs (sic) counsel and defense counsel and the name of the defendant's insurance company, if applicable;
 (7) a transcript of the testimony referred to in number [(6) above]; and
 (8) all lists of [the witness's] testimonies (sic) by trial, or deposition, filed in federal court over the last five years.
Defendant's Objections to Production Requests.
The defendant has objected to all of the foregoing production requests on several grounds, all of which have been fully detailed in its supporting memorandum of law. Substantively, it asserts that each of the plaintiffs' requests is "overly broad, seeks irrelevant, immaterial information and goes beyond the scope of permissible discovery." Id. Procedurally, it argues that since none of the defendant's experts is a party to this case, none can be required to produce documents or materials at his deposition without a proper subpoena duces tecum issued under Practice Book § 13-28(c).[2]
The Court agrees with the defendant that none of its expert witnesses can lawfully be required to produce any documents or materials at his deposition unless he is served with a subpoena duces tecum therefor under Practice Book § 13-28(c). That is because, as the defendant has rightly argued, the less formal procedure of including production requests in a deposition notice is only applicable to the deposition of a party under Practice Book § 13-27(g).[3]
As for the defendant's substantive objections, which the Court need not CT Page 6985 reach in making this ruling but will briefly comment upon for the guidance of the parties in future discovery proceedings, the Court expresses the following views: First, it would not be unduly burdensome for the defense to provide the plaintiff with a list of all cases, by name, docket number, jurisdiction and name of sponsoring party, in which the expert was formally disclosed as an expert in the same or a related specialty during the past four years. Such a disclosure, made in response to a properly limited interrogatory, could certainly lead to the discovery of admissible evidence concerning the expert's background and credentials, as well as his or her opinions on potentially analogous issues within his or her area of expertise. By limiting disclosure to cases in which the expert has been disclosed, there would be no risk of requiring the witness to divulge privileged information about consultations in cases where he or she has been consulted in confidence but not disclosed. See generally Olson v. Accessory Controls EquipmentCorp., 254 Conn. 145 (2000).
By the foregoing logic, similar information can appropriately be discovered about cases in which the expert has testified, either in deposition or at trial, in the last four years. As long as the testimony concerned either the same specialty or some related specialty, in which the witness has been disclosed as an expert in this case, identification of the case in which such testimony was given would have the obvious potential of leading to the discovery of evidence admissible in this case.
Finally, as for the production of transcripts of testimony from the witness's depositions and trials, the Court is of the view that they may appropriately be subpoenaed by the adverse party, provided that the adverse party is willing to pay the entire bill for copying said transcripts and returning the originals to the witness at the conclusion of the deposition. Any expert witness who owns copies of his or her trial or deposition transcripts is entitled to maintain them for personal use, without prolonged interruption. Under no circumstances should the witness be saddled with the expense of reproducing copies of the transcripts in order to produce them at his or her deposition.
For the foregoing reasons, the Court hereby SUSTAINS the defendant's objections to the plaintiffs' production requests without prejudice to the plaintiffs' right to discover certain of the information and materials therein sought, either by narrowly drawn interrogatories or by properly issued subpoenas duces tecum.
IT IS SO ORDERED this 25th day of May, 2001.
MICHAEL R. SHELDON, J. CT Page 6986